**Patrick MURPHY, Plaintiff,**

v.

**Police Officer Robert WILLIAMS, Police Officer Linda Dickenson, and the City of Detroit, jointly and severally, Defendants.**

**No. 91–71497.**

United States District Court, E.D. Michigan, S.D.

Nov. 20, 1992.

Robert S. Harrison, Michael J. Rex, Birmingham, Mich., for plaintiff.

Ronald D. Holton, Southfield, Mich., for defendants.

## ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANT CITY OF DETROIT'S FOR FAILURE TO COMPLY WITH ORDER OF DISCOVERY

GADOLA, District Judge.

On October 19, 1992, plaintiff filed this motion for sanctions against defendant City of Detroit for defendant's failure to comply with this court's order granting discovery. On October 26, 1992, defendant City of Detroit filed a response to plaintiff's motion.

## I. FACTS

On April 27, 1992, Magistrate Goldman entered an order, per stipulation of the parties, providing that information regarding the City of Detroit's customs and policies for training, supervising, investigating and disciplining officers regarding use of excessive force, be made available to plaintiff's expert for review and investigation. Subsequent to the entry of this order, defendants attempted to have this order set aside. On June 29, 1992, the magistrate entered an order denying defendants' motion to set aside the April 27, 1992 stipulation for order of discovery. On August 24, 1992, this court issued an order affirming the magistrate's June 29, 1992 order.

On February 27, 1992, defendants filed an answer to plaintiff's interrogatories indicating that between January 1, 1987 and December 31, 1989, there were 1,079 incidents of alleged police brutality, excessive force and/or abuse of a police officer's lawful authority during the course of an arrest. Ex. B to plaintiff's brief. Plaintiff alleges that on September 28, 1992, defendant City of Detroit pointed plaintiff's expert to twenty-six file cabinets and indicated that all documents relating to the 1,079 incidents would be found somewhere within those file cabinets. After five days of searching through these file cabinets (from September 28, 1992 through October 2, 1992), plaintiff's expert determined that the file cabinets contained less than half of the 1,079 complaints the City of Detroit has acknowledged to exist.

Plaintiff alleges that the individual supervising the expert's review of the documents refused to answer any questions regarding how the files were arranged and refused to make any copies of the documents identified by plaintiff's expert. The magistrate's April 27, 1992 stipulation for order of discovery specifically states that defendants' shall "provide copies of any documents identified during a review and inspection." Ex. C to plaintiff's brief. Defendants' counsel denies that defendants' agent refused to make copies insofar as he was not present and has no knowledge of the events which occurred during the five-day investigation and review of the files by plaintiff's expert.

On October 2, 1992, plaintiff notified counsel for defendants that there were more than 500 documents missing from the files provided by defendants. Plaintiff also informed counsel for defendants of the problems plaintiff's expert had encountered in requesting copies to be made and in obtaining information as to the arrangement of the files. Ex. F to plaintiff's brief. On October 6, 1992, defendants' counsel

responded by facsimile that it had no knowledge as to the whereabouts of the missing files and stated its intention to look into the matter. Ex. G to plaintiff's brief. On October 8, 1992, plaintiff responded by letter stating specifically what were the deficiencies in the files and specifically requesting copies of particular files. As of October 19, 1992, when plaintiff filed this motion for sanctions, defendants' counsel had made no response to plaintiff's request for copies of particular documents.

Plaintiff seeks sanctions against defendants in the form of 1) a default judgment on the issue of whether "defendant City of Detroit, by its own custom, policy and/or practice of failing to train, evaluate, supervise, investigate, review and/or discipline its police officers allowed defendant police officers Williams and Dickenson, to deprive [plaintiff] of his civil rights ..." Plaintiff's brief at 6–7.; and 2) attorneys' fees and costs incurred by plaintiff as a result of defendants' failure to comply with the discovery order.

## II. ANALYSIS

Fed.R.Civ.Proc. 37(b)(2) provides that where a party fails to comply with an order of discovery, the court may award sanctions "as are just," including "[a]n order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order." The rule goes on to state that

▌n lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order ... to pay the reasonable attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Fed.R.Civ.Proc. 37(b)(2).

▌ In light of the history of this discovery order, the court finds that at the very least, plaintiff is entitled to its attorneys' fees and costs incurred as a result of defendant City of Detroit's failure to cooperate in the discovery of the material sought and those incurred as a result of plaintiff's having to file this motion. If defendant City of Detroit has not already done so,[1] defendant City of Detroit will be directed to provide plaintiff with copies of the documents specifically requested in plaintiff's October 8, 1992 letter to defendants' counsel and other documents responsive to the April 27, 1992 order of discovery. Because default judgment on a critical element of plaintiff's claim is a severe sanction, the court finds that such relief shall be granted only in the event that defendant City of Detroit does not comply with the directive of this order by December 1, 1992, the due date of the final pretrial order.

## ORDER

Therefore, it is hereby ORDERED that plaintiff's motion for sanctions against defendant City of Detroit for failing to comply with this court's order granting discovery is DENIED in part and GRANTED in part.

It is further ORDERED that defendant City of Detroit shall pay to plaintiff's counsel reasonable attorneys' fees and costs incurred as a result of defendant City of Detroit's failure to cooperate in the discovery of the material sought pursuant to the April 27, 1992 order of discovery and as a result of filing this motion.

It is further ORDERED that if defendant City of Detroit has failed to comply by December 1, 1992 with the April 27, 1992 discovery order and with plaintiff's specific request of October 8, 1992 for documents previously acknowledged by defendant to exist, defendant shall be adjudged in default on the issue of whether defendant City of Detroit, by its own custom, policy

---

1. At oral argument, the parties informed the court that on November 11, 1992 at approximately 3:00 p.m., defendant City of Detroit delivered to plaintiff approximately 2,700 documents that allegedly are responsive to plaintiff's request of October 8, 1992. Since plaintiff has not had an opportunity to have its expert review this newly provided discovery material, it is unknown if and to what extent such material complies with the April 27, 1992 discovery order or with plaintiff's October 8, 1992 request for specific documents.

and/or practice of failing to train, evaluate, supervise, investigate, review and/or discipline its police officers allowed defendant police officers Williams and Dickenson to deprive plaintiff of his civil rights, and this element shall be deemed admitted by defendant City of Detroit. Defendant City of Detroit shall have the responsibility of demonstrating to this court by affidavit, deposition testimony or other evidence, such compliance and cooperation.

SO ORDERED.